### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

_____

**In re:**

    **Gregory Ladieu,**
        **Debtor**

_____

**Rentrak Corporation,**
        **Plaintiff,**
    v.

**Gregory Ladieu,**
        **Defendant.**

_____

Chapter 7 Case
# 07-10868

Filed & Entered
On Docket
February 24, 2011

Adversary Proceeding
# 08-1010

### ORDER
DENYING SUMMARY JUDGMENT ON PLAINTIFF'S §§ 523(a)(4) AND 523(a)(6) CLAIMS,
DENYING SUMMARY JUDGMENT ON DEFENDANT'S LIQUIDATED DAMAGES CLAIM,
DETERMINING CHOICE OF LAW FOR TORT AND CONTRACT CLAIMS,
DECLARING THE JUDGMENT OBTAINED IN OREGON COURT TO BE VOID *AB INITIO*,
SETTING TRIAL ON PLAINTIFF'S § 523(a)(6) CLAIM, AND
DEFERRING TRIAL ON REMAINING ISSUES PENDING OUTCOME OF § 523(a)(6) TRIAL

For the reasons set forth in a memorandum of decision of even date, the Court

A.     determines that Oregon law applies to the contracts issues and Vermont law applies to the tort issues raised in this adversary proceeding,

B.     declares the judgment obtained in Oregon state court by Rentrak against Galadieu Enterprises LLC is void *ab initio* as having been obtained in violation of the automatic stay, and

C.     determines there are material facts in dispute precluding an adjudication of the remaining claims in the parties' cross-motions for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1.     the Plaintiff's motion for summary judgment on its § 523(a)(4) and 523(a)(6) claims is DENIED, and

2.     the Defendant's motion for summary judgment regarding the validity of the liquidated damages provision relied upon by the Plaintiff is DENIED.

The Court will hold a trial on the following issues raised by Plaintiff's § 523(a)(6) claim:

a. whether the parties' Agreement is a true lease or a disguised security interest under Oregon Revised Statute 71.2030 and Uniform Commercial Code § 1-203, and

b. whether the Plaintiff can prove the elements necessary for entry of judgment declaring the debt that Gregory Ladieu owes to Rentrak to be non-dischargeable under 11 U.S.C. § 523(a)(6).

In connection with this trial, IT IS FURTHER ORDERED that

3. by March 8, 2011, the parties shall contact the courtroom deputy to schedule the trial;

4. by April 1, 2011, the parties shall complete any discovery required in light of the ruling on the cross-motions for summary judgment;

5. by April 14, 2011, the parties shall final a joint final pre-trial statement that includes, *inter alia,* the names of all witnesses who will testify, the projected length of each witness's testimony, a brief statement as to the elements of the case each witness will address, the projected length of time necessary for the entire trial, the names of any expert witness either party expects to call, the due date for any expert reports, the due date for any motions in limine, the due date for exchanging marked exhibits, a list of each party's exhibits, a stipulation as to admissibility of exhibits, and a description of any anticipated evidentiary issues; and

6. at 11:00 a.m. on April 21, 2011, the parties shall appear in person at a final pre-trial conference hearing at the United States Bankruptcy Court, in Burlington, Vermont.

SO ORDERED.

February 24, 2011  
Burlington, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge