UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
April 25, 2012

_____

In re:
    Gregory Ladieu,
        Debtor.
_____

Rentrak Corporation,
        Plaintiff,
    v.

Gregory Ladieu,
        Defendant.
_____

Chapter 7 Case
# 07-10868


Adversary Proceeding
# 08-1010

*Appearances*:  W. Scott Fewell, Esq.                        David W. Lynch, Esq.
                Burlington, VT 05402                        Colchester, VT 05446
                Attorney for Plaintiff                          Attorney for Defendant

## MEMORANDUM OF DECISION
### AWARDING ATTORNEYS FEES TO PREVAILING PARTY ON EACH CLAIM

On January 26, 2012, the Court held a hearing on the application for attorney's fees filed by Rentrak Corporation ("Rentrak" or "Plaintiff") and the opposition and cross-motion for attorney's fees filed by Gregory Ladieu ("Mr. Ladieu" or "Defendant"). At the conclusion of that hearing, the Court ruled it needed further information to make an award of reasonable attorney's fees and costs to "the prevailing party," and gave each party an opportunity to file time and expense records on the contract claim on which it had prevailed and opposition to their adversary's request. The time for post-trial filings has expired, and each party has filed time records and an objection; the matter is fully submitted.

### Jurisdiction

This Court has jurisdiction over this adversary proceeding and the instant motions pursuant to 28 U.S.C. §§ 157 and 1334. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I).

**Discussion**

Rentrak seeks an award of attorney's fees in the amount of $76,728.48 and reimbursement of expenses in the amount of $3,613.69, as part of its nondischargeable debt under 11 U.S.C. § 523(a)(6). The Defendant seeks an award of $39,805.00 in attorney's fees and has filed no request for reimbursement of expenses.[1] The Rentrak debt arises from an Oregon contract and this Court has ruled that Oregon law controls with regard to all contract claims. There is no dispute that the contract between the parties (referred to in this proceeding as their "Agreement") authorizes an award of attorney's fees to the prevailing party in any litigation to enforce the contract:

> If any fees or costs are incurred to enforce this Agreement, or if any suit or action is brought to enforce any provision of this Agreement, or for damages for the breach of any terms of this Agreement, the prevailing party shall be entitled, at trial and on appeal, if any, to reasonable attorney fees and costs as awarded by the court.

See doc. # 113, Ex. A ¶ 9.5. However, both parties dispute which Oregon statute governs an award of attorney's fees here, as well as the reasonableness of their adversary's fee request.

*Controlling Law Regarding an Award of Attorney's Fees under the Oregon Contract*

Turning first to the Oregon statute question, the controversy is whether ORS § 20.075 of Title 2, entitled "Factors for awarding attorney fees" applies, as the Defendant asserts, or whether the controlling statute is ORS § 20.077 of Title 2, entitled "Prevailing party," as the Plaintiff argues. See 2 ORS §§ 20.075 and 20.077.

The prevailing party statute provides as follows:

> (1) A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

---

[1] Originally, Rentrak requested an award of $76,728.48 for attorney's fees and reimbursement for $3,613.69 in expenses (doc. # 113). After the January 26, 2012 hearing, and based upon its review of its post-trial briefing, the Plaintiff made a reduction of $1,512.00 (doc. # 125). Because the Court reviewed the entire record of this case to make a determination on a proper reduction, the Court will use as a starting point the Plaintiff's original request.

> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.
>
> (2) A court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. In addition, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases:
>> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>> (c) The fee customarily charged in the locality for similar legal services.
>> (d) The amount involved in the controversy and the results obtained.
>> (e) The time limitations imposed by the client or the circumstances of the case.
>> (f) The nature and length of the attorney's professional relationship with the client.
>> (g) The experience, reputation and ability of the attorney performing the services.
>> (h) Whether the fee of the attorney is fixed or contingent.
>
> (3) In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion.
> (4) Nothing in this section authorizes the award of an attorney fee in excess of a reasonable attorney fee.

ORS § 20.075.

The Defendant asserts that this provision controls because the instant case is one in which the Court has discretion to award attorney's fees. The Defendant's reliance upon ORS § 20.075 is misplaced. The most straightforward reading of the provision is that it applies only when the award of attorney's fees is both (1) authorized or required under a statute, and (2) within the discretion of the Court. Here, the award is not based upon a statute, but rather a contract; thus, it does not fall within the scope of the first prong of the statute. Further, when taking into account the terms of this provision within the context of the entirety of Title 2, ORS § 20.096 makes clear that where attorney's fees are sought based upon a contract, the Court must award reasonable attorney's fees to the prevailing party. It is not a discretionary award that would trigger application of the second prong of the statute.

The Plaintiff relies upon ORS § 20.096, which provides in pertinent part as follows:

> (1) In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements . . . .

3

ORS § 20.096. That is precisely the situation here. The Plaintiff brought claims based upon a contract that includes a provision authorizing the award of reasonable attorney's fees and costs to the party who prevails on a claim brought under the contract.

The statute entitled "Prevailing party" addresses how to implement the award of fees and costs in a contract action. It specifies that the Court must first identify which party prevailed on each claim for which attorney's fees could be awarded:

> (1) In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.
> (2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:
>   (a) Identify each party that prevails on a claim for which attorney fees could be awarded;
>   (b) Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;
>   (c) Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and
>   (d) Enter a judgment that complies with the requirements of ORS 18.038 and 18.042.
> (3) Notwithstanding subsection (2) of this section, upon appeal of a judgment in an action or suit in which one or more claims are asserted for which the prevailing party may receive an award of attorney fees, the appellate court in its discretion may designate as the prevailing party a party who obtains a substantial modification of the judgment.
> (4) This section does not create a claim to an award of attorney fees in any action or suit in which the court or arbitrator is not otherwise authorized or required to make an award of attorney fees by contract or other law.

ORS § 20.077. The Court has thus far ruled on three claims in this proceeding. Two have their genesis in paragraph 8 of the Agreement, namely, the claim seeking judgment based upon the Defendant's alleged default (the "liability claim") and the claim to enforce the damages provision (the "damages claim"). The third claim was brought by the Defendant for an award of damages for the Plaintiff's violation of the automatic stay, and arose under the Bankruptcy Code.

To determine which party prevailed on each claim, whether an award of attorney's fees is warranted, and if so, how much of an award is reasonable, the Court turns to Oregon law. Oregon courts have articulated the principles that guide determination of when and how to award attorney's fees under the "Prevailing party" statute, four of which are particularly germane to the instant situation. The first such principle is that, under ORS § 20.077, claims grounded in a statute, rather than a contract, do not

4

give rise to an award of attorney's fees. CMS Sheep Co., Inc. v. Russell, 179 Or. App. 172, 177–78, 39 P.3d 262, 264–65 (Or. Ct. App. 2002); but see Rogers v. RGIS, LLP, 229 Or. App. 580, 584–87, 213 P.3d 583, 585–87 (Or. Ct. App. 2009) (awarding fees and costs under a statute where the statutory section specifically authorized an award of fees). Therefore, no attorney's fees may be awarded to the Plaintiff as the prevailing party on the stay violation claim. Rather, this principle makes clear that the Court's inquiry – and its award of attorney's fees – is limited to the liability and damages claims.

The second principle instructs that courts must identify the prevailing party on a claim-by-claim basis, recognizing there can be more than one prevailing party in actions that involve multiple claims or counterclaims under a contract. Robert Camel Contracting, Inc. v. Krautscheid, 205 Or. App. 498, 503–04, 134 P.3d 1065, 1067–68 (Or. Ct. App. 2006). The Defendant argues that the Court should apply an overall "net judgment" approach, netting out the judgments on each claim and designating a single prevailing party. However, this argument is contrary to Oregon law and, in fact, ORS § 20.077 was enacted specifically to deter courts from applying this approach. See Robert Camel Contracting, Inc., 205 Or. App. at 503, 134 P.3d at 1067–68. Since each party in the instant litigation prevailed on one of the two contract claims, the Court will award fees to each party for the fees incurred in connection with the claim on which it prevailed. See Rosekrans v. Class Harbor Ass'n, Inc., 228 Or. App. 621, 640, 209 P.3d 411, 423 (Or. Ct. App. 2009). This will require the Court to first allocate each party's attorney's fees among the three claims presented in this proceeding, and then determine the reasonableness of the fees incurred on the claim on which each party prevailed. The record is sufficient for the Court to do this claim-by-claim analysis.

As to each contract claim, the third principles holds that the "prevailing party" is the party in whose favor the final judgment is entered or who was successful, at least to a significant extent, on a claim. See ORS § 20.077 (requiring the Court to decide who received a "favorable judgment" on each claim). To determine who received a favorable judgment on each claim, "a court must weigh 'what was sought by each party against the result obtained.'" Beggs v. Hart, 221 Or. App. 528, 537–38, 91 P.3d 747, 752–53 (Or. Ct. App. 2008) (quoting Lawrence v. Peel, 45 Or. App. 233, 243, 607 P.2d 1386, 1392 (Or. Ct. App. 1980)). See also CMS Sheep Co, Inc., 179 Or. App. at 177, 39 P.3d at 264. The Plaintiff prevailed on the liability claim and proved that the resulting judgment was not dischargeable in bankruptcy. Therefore, the Plaintiff is entitled to an award of reasonable attorney fees and costs it incurred in connection with that claim. The Defendant prevailed on his claim that the liquidated damages provision of the Agreement is not enforceable, and is thus entitled to an award of reasonable attorney fees he incurred in the prosecution of that claim. The fact that the Defendant's success resulted in a reduction of the damages award, rather than entry of an affirmative judgment in the Defendant's favor denying all

5

damages, does not deprive the Defendant from being entitled to attorney's fees on his claim challenging liquidated damages. See Northwest Country Place, Inc. v. NCS Healthcare of Oregon, Inc., 201 Or. App. 448, 463, 119 P.3d 272, 280 (Or. Ct. App. 2005) (holding that defendant was prevailing party where plaintiff "failed to make out a *prima facie* case for judgment on its behalf" under the contract provision). In sum, each of the parties is a prevailing party on one claim, under this well established principle of Oregon law.

The fourth salient principle from Oregon jurisprudence is that reasonable fees may only be awarded if substantiated by detailed time records that will allow a court to apportion an award on a claim-by-claim basis. See Rogers, 229 Or. App. at 587, 213 P.3d at 587; see also Bobadilla-German v. Bear Creek Orchards, Inc, Civ. No. 07-3058-PA, 2010 WL 1815796, at *3-4, 2010 U.S. Dist. LEXIS 44141, at *7-10 (D. Or. May 5, 2010). This final principle requires this Court to analyze detailed time records of each of the parties and award fees only to the extent reasonable. The attorney fees provision in the Agreement provides that "the prevailing party shall be entitled . . . to *reasonable attorney fees and costs as awarded by the court*" (doc. # 113, Ex. A, ¶ 9.5) (emphasis added). By including the qualifying phrase "reasonable attorney's fees and costs as awarded by the court," the Agreement specifically vests the Court with discretion to determine what is reasonable under the facts and circumstances presented. The Court undertakes this task by applying the same analysis it would when considering an application for attorney fees under 11 U.S.C. §§ 327 and 328; see In re Fibermark, Inc., 349 B.R. 385 (Bankr. D. Vt. 2006), and taking into account the relationship and transactions between the parties as demonstrated at trial.

Since this award is being made in a bankruptcy case, one other principle is essential to the Court's analysis: the need to weigh the Plaintiff's right to a non-dischargeable fee award against the Debtor's right to a fresh start. In determining what is a reasonable attorney's fee for the Plaintiff in connection with the claim upon which it prevailed, the Court must be cognizant of the fact that any fee award granted to the Plaintiff will be non-dischargeable and will diminish the Debtor's fresh start. It is universally recognized that the two bedrock principles of bankruptcy relief are the creditors' right to equal distribution and the debtor's right to a fresh start. See e.g., Musso v. Ostashko, 468 F.3d 99, 104 (2d Cir. 2006) (quoting Collier on Bankruptcy ¶ 541.01 (15th ed. 2005). While it is true that Congress has carved out certain debts from discharge, bankruptcy courts must exercise great care when determining the amount of non-dischargeable claims. See 11 U.S.C. § 523(a); see also In re Duncan, 331 B.R. 70, 76 (Bankr. E.D.N.Y. 2005) ("Exceptions to discharge under Section 523(a) must be strictly construed in favor of the debtor in order to comply with the 'fresh start' policy underlying the Bankruptcy Code") (citations omitted). This does not in any way undercut the Plaintiff's right to a reasonable attorney's fee. Rather, it requires the

6

Court to discern with great care – and grant attorneys fees only for – the legal services that can be traced directly to litigation of the non-dischargeable claim.

### *The Plaintiff's Fee Application*

The Plaintiff initiated this adversary proceeding to enforce an Oregon contract between itself and the Defendant, and was the prevailing party on the issues of the Defendant's liability under the Agreement and the non-dischargeability of that debt. Hence, the Plaintiff is entitled to an award equal to the reasonable attorney's fees it incurred to achieve that outcome.

It was the Plaintiff's responsibility to have its counsel maintain time records for each claim in this proceeding if it intended to seek attorney fees on the claims on which it prevailed. It is clear from the record that the Plaintiff's counsel was not aware of this obligation and, although he has made a diligent and good faith effort to explain how he spent his time and to allocate fees among the three claims that were litigated, ultimately those efforts did not produce a request for attorney's fees that accurately reflects the emphasis the Plaintiff gave to each claim during the pendency of this litigation.

The Plaintiff's original request sought an award of $76,728.48 for fees and reimbursement of $3,613.69 for expenses (doc. # 113). Upon the Court's request, the Plaintiff modified the request to reflect only the fees and expenses the Plaintiff thought properly allocable to the liability/dischargeability claim (doc. # 125). This resulted in a reduction of just $1,512.00 – all from the attorney's fee phase of the requested fees, and no reduction in the requested expenses (doc. # 125). However, based upon the Court's review of the Plaintiff's counsel's time records, the pleadings and memoranda the Plaintiff has filed, and the record of the hearing, the Court finds that a larger portion of the Plaintiff's counsel's time is actually allocable to the damages and stay violation claims of this litigation than Plaintiff's voluntary reduction would suggest. Thus, the Court will scrutinize the fee request, based upon the Plaintiff's original request. In order to determine the proper amount of the fee award, the Court categorizes the fees into components corresponding to three phases of litigation that are distinguishable in the time records: (1) the briefing phase (from the filing of the complaint until trial preparation began, plus post-trial briefing); (2) the trial preparation phase (time attributable to trial preparation up to the date of trial); and (3) the trial/closing argument phase (time attributable to the trial and the closing argument hearings).

To ascertain the amount of fees earned during the briefing phase, the Court reviewed the Plaintiff's written submissions to the Court and made a preliminary determination that 53% of the Plaintiff's written submissions addressed the liability claim.[2] The Plaintiff billed $36,880.50 for services rendered during the briefing phase. The Defendant objects to the amount the Plaintiff billed during this period as excessive, particularly with respect to the briefing of its motion for summary judgment. The

---

[2] The Plaintiff's relevant written submissions totaled approximately 79 pages (excluding exhibits), of which 42 pages addressed the claim on which it prevailed (see doc. ## 1, 8, 35, 39, 52, 59, 61, 83, 84, and 86).

7

Court overrules this objection because it does not find the amount of time Plaintiff spent on its research and writing to be unreasonable given the complexity of the issues presented. The Court also observes that some of the work Plaintiff's counsel was required to do on summary judgment was a direct result of the Defendant's reopening of the pleadings in order to introduce the complicated true lease versus a disguised security agreement question. Having determined that the total time spent during the briefing phase to be reasonable, and the Plaintiff's counsel's hourly rate is reasonable, the Court applies the 53% ratio to the total fees to compute the amount of fees that are reasonably attributable to work done on the claim on which the Plaintiff prevailed. This results in a finding that the Plaintiff is entitled to an award of $19,546.67 for reasonable attorney's fees on the liability claim for the briefing phase of the litigation.

To calculate the reasonable fees Plaintiff incurred for the services its counsel rendered on the liability claim during the two remaining phases of litigation, the Court began by analyzing the audio recordings of the two-day trial and the closing arguments. The audio record reflects that the Plaintiff dedicated 86.5% of its total court time to addressing the claim on which it prevailed.[3] The Court's review of the time sheets reveals that the Plaintiff billed $9,585.00 for the time spent in court for on the trial and closing argument, and that both the time spent and the hourly rate billed are reasonable. Therefore, the Court applies the 86.5% ratio to the total fees earned in this phase, and concludes the Plaintiff is entitled to an award of $8,291.03 for the fees it incurred in connection with the liability claim during the trial/closing argument phase.

Segregating what part of the trial preparation phase Plaintiff's counsel spent on the liability claim (versus the damages claim) was challenging because of the interconnected nature of the claims and the fact that many of the material facts upon which the parties focused were pertinent to both claims. In the absence of a direct, objective correlation to any objective data in the parties' filings or the audio recording of the hearings, and an unpersuasive statement from the Plaintiff as to its allocation of fees among the three claims, and after a painstaking review of the record, the Court concludes that the most valid and most reasonable approach is to apply to this phase the same ratio that was applied to the trial/closing argument phase. It seems rational to presume that there is a close correlation between the amount of time the attorneys spent on their preparation and the amount of time they devoted to their presentation of their cases in the courtroom. Accordingly, the Court will apply a percentage of 86.5% to the total reasonable fees spent on the claim on which Plaintiff prevailed during the trial preparation phase. The time records show that the Plaintiff billed fees in the amount of $30,262.98 for all work done on the liability claim during the trial preparation phase. Pursuant to both bankruptcy law and Oregon law, the Court may award only those fees that it determines are reasonable for the services rendered, under the facts and

---

[3] The duration of the Plaintiff's presentation at trial and closing arguments was approximately 319 minutes, of which the Plaintiff dedicated 276 minutes to addressing the claim on which it prevailed (doc. ## 95, 96, 97, 98, and 101).

circumstances. The Defendant has objected that the Plaintiff's attorney's fees are excessive and with respect to the trial preparation fees, the Court agrees and sustains this part of the Defendant's objection. This was a two-day trial on a claim in the amount of $41,500 (doc. # 105, p. 8), that resulted in a judgment in favor of the Plaintiff for just under $10,000. Taking into account (1) the amount of time spent on trial preparation in relation to the length of trial, (2) the judgment amount in comparison to the judgment sought, and (3) the judgment amount in comparison to the attorney's fees requested, the Court concludes that only 75% of the fees sought for this phase of the litigation are reasonable, i.e. $22,697.24. Having determined that approximately 86.5% of the total time during this phase was devoted to the claim on which the Plaintiff prevailed, and the hourly rate charged was reasonable, the Court finds the Plaintiff is entitled to an award of reasonable attorney's fees in the amount of $19,633.11 for the services its counsel rendered on the liability claim during the trial preparation phase.

The Plaintiff's counsel was well prepared, presented a coherent case, maintained sufficient time records, and demonstrated the hourly rate he charged was warranted. Counsel also demonstrated that all the time he spent on this case during the first two phases of litigation was justified, and that 75% of the time he spent for trial preparation was justified. Moreover, the record shows that the Plaintiff's counsel devoted most of his time and effort to the claim upon which the Plaintiff ultimately prevailed. Based upon these findings, except as noted above, the Defendant's objection to the Plaintiff's request for fees is overruled.

The Defendant also objected to the Plaintiff's application for reimbursement of certain expenses, primarily the copying and witness fees. The Plaintiff documented the expenses, showed that they were actually incurred, and argued that they were necessary. The Court finds that generally the Plaintiff is entitled to reimbursement of the expenses it incurred, but sustains that portion of the Defendant's objection regarding the copy costs associated with the Plaintiff's trial exhibits. It is neither plausible nor fair to allocate each cost and expense to a particular claim. However, the Court must acknowledge and take into account that some of the exhibits likely related primarily to the damages claim and that the Plaintiff referred to only 34 of the 96 exhibits it produced at the hearing. Under these circumstances, it would be unfair to require the Defendant to reimburse the Plaintiff for all of its significant copying charges. While the Court is not establishing a rule that exhibits not used at trial are not eligible for reimbursement, the Court finds that under the facts and circumstances presented here, the Plaintiff will only be reimbursed for 50% of its copying expenses for trial exhibits, i.e., $530.70 (see doc. # 114, p. 49). The Defendant's objection to the Plaintiff's request for reimbursement of expenses is otherwise overruled. Accordingly, the Plaintiff is entitled to reimbursement of expenses in the amount of $3,082.99.

<u>*The Defendant's Fee Application*</u>

Although the Defendant did not file a counterclaim challenging the enforceability of the liquidated damages provision of the Agreement, he did object to the Plaintiff's reliance on that provision in his cross-motion for summary judgment and his opposition to the Plaintiff's motion for summary judgment (doc. # 36). It thereafter became a central issue in this litigation. The parties briefed the enforceability of the damages provision of the Agreement during the summary judgment phase, and a significant amount of the testimony at trial was focused on the enforceability of the liquidated damages section and the proper computation of damages. Once this issue was raised, the Defendant had a duty to maintain time records for it as a separate claim if he intended to seek an award of attorney fees in connection with it. Just as with the Plaintiff, it is clear from the record that the Defendant's counsel was not aware of this obligation and, although he has made a diligent and good faith effort to explicate how he spent his time and to allocate fees among the three claims, ultimately he did not present a revised request for attorney's fees that accurately portray the time he actually spent on each claim.[4]

The Defendant defeated the Plaintiff's efforts to enforce the Agreement's liquidated damages provision. Thus, he is entitled to an award of the reasonable attorney's fees he incurred in connection with the damages claim. Based upon the Court's review of the Defendant's counsel's time records, the pleadings and memoranda Defendant has filed, and the record of the hearing, the Court finds that a larger phase of the Defendant's counsel's time was allocated to the liability/dischargeability and stay violation aspects of this litigation than his voluntary reduction would suggest.

The Plaintiff argues that the Defendant is only entitled to an award of attorney fees "incurred" and since the Defendant has only paid his attorney $5,000.00 (the amount of the retainer the Defendant paid to his counsel), any award of fees to the Defendant is capped at $5,000.00. That argument is without merit. First, the word "incurred" is not synonymous with the word "paid." To incur is to bring upon a liability, and does not require payment. If the Oregon legislature intended to limit fee awards to attorney fees that have been paid, it could have said so, and it did not. Second, the Plaintiff's reliance upon the Defendant's testimony at the trial to support its position that the Defendant is not indebted to his attorney for any sum in excess of $5,000.00 is unpersuasive. The questions posed and the answer given at the trial, to which the Plaintiff points, were focused on the legal fees incurred with respect to the alleged stay violation – rather than the total attorney's fee obligation – and are inconclusive as to the remaining outstanding

---

[4] The Court observes that for both counsel the allocation of time among the three claims is quite complex and is more an art than a science. In this case, there is no doubt that counsel often worked on two or three issues at the same time since the legal concepts overlap significantly, and research and writing on one issue probably informed work on the other issues. Moreover, it would only be human nature for the parties, in retrospect, to perceive any such multi-issue work to have been focused on the issue on which they ultimately prevailed. Thus, awkward as it is, the Court must apply some 20-20 hindsight here as it attempts to identify what counsel's primary focus was at the time the services were rendered.

balance the Defendant owes his attorney for representing him in this adversary proceeding. The Defendant's counsel has filed an application for fees asserting that the Defendant owes him $39,805.00 for the legal services he has rendered in this proceeding, and the Court relies upon that.

In order to determine the proper amount of the Defendant's fee award, the Court divides the fees sought into the same three categories as utilized in analysis of the Plaintiff's attorney's fees: (1) the briefing phase (time from the filing of the complaint until trial preparation began, plus post-trial briefing); (2) the trial preparation phase (time attributable to trial preparation up to the date of trial); and (3) the trial/closing argument phase (time attributable to the trial and the closing argument hearings).

Analysis of the Defendant's attorney's time records, written submissions, and the audio recordings of the trial and closing argument provided the information necessary for the Court to determine appropriate percentages to apply to the fee request for each of the three phases to segregate the fees attributable to the claim on which the Defendant prevailed. During the briefing phase, 22% of the Defendant's written submissions focused on the damages claim.[5] The Defendant's attorney's time records indicate he billed $30,210.00 for all legal services performed during the briefing phase. The Court finds both the amount of time spent and the hourly rate billed for his work during this phase were reasonable. Having found that 22% of this work is attributable to the claim on which the Defendant prevailed, the Court finds the Defendant is entitled to an award of reasonable attorney's fees in the amount of $6,646.20.

During the trial/closing argument phase, the audio record demonstrates that the Defendant's attorney devoted 13.5% of his total time to the damages claim.[6] The time records show he billed $3,600.00 for all of the time he spent on this case during the trial/closing argument phase. Therefore, the Court finds the Defendant is entitled to an award of attorney's fees for 13.5% of this sum, or $486.00 for services rendered in connection with the claim on which he prevailed during the trial / closing argument phase of the case.

The Defendant's time records show he billed $5,920.00 for the trial preparation phase. The Court finds the amount of time spent and the hourly rate charged for this work are reasonable. Finding it fair and factually justified to applying the 13.5% ratio supported by the record for the in court time, the Court concludes that the Defendant is entitled to an award of reasonable attorney's fees in the amount of $799.20 for the legal services he performed in connection with the damages claim during the trial preparation phase.

---

[5] The Defendant's relevant written submissions totaled approximately 78 pages (excluding exhibits), of which 17 pages addressed the claim on which he prevailed (see doc. ## 5, 36, 42, 50, 53, 57, 58, 60, 73, and 90).

[6] The duration of the Defendant's presentation at trial and closing arguments was approximately 318 minutes, of which the Defendant dedicated 43 minutes to addressing the claim on which he prevailed (doc. ## 95, 96, 97, 98, and 101).

11

The Defendant's counsel was well prepared, presented a coherent case, maintained adequate time records, set forth a sound basis for the hourly rate charged, and demonstrated that the time he spent on the tasks described was justified. Moreover, the disparate resources of the parties put additional demands and pressure on the Defendant's counsel, which he handled adroitly. Based upon these findings, the Plaintiff's objection to the Defendant's fee request is overruled.

## CONCLUSION

The Plaintiff was the prevailing party on its claim seeking to impose liability for a non-dischargeable debt on the Defendant and is entitled to an award of reasonable attorney's fees, in the amount of $47,470.81, plus reimbursement of costs and expenses in the amount of $3,082.99. The Defendant was the prevailing party on the claim contesting the enforceability of the damages provision of the Agreement and is entitled to an award of reasonable attorney's fees in the amount of $7,931.40.

This constitutes the Court's findings of fact and conclusions of law.

April 25, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

12